UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Paul Walker, | : |
| Plaintiff, | : Civil Action No.: 3:13-cv-00161 |
| v. | : JUDGE: |
| | : MAGISTRATE JUDGE: |
| DirectBuy, Inc.; and DOES 1-10, inclusive, | : |
| Defendants. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Paul Walker, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Paul Walker ("Plaintiff"), is an adult individual residing in Baton Rouge, East Baton Rouge Parish, Louisiana, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, DirectBuy, Inc. ("DirectBuy"), is an Indiana business entity with an address of 8450 Broadway, Merrillville, Indiana 46410.

6. Does 1-10 (the "Agents") are individual agents employed by DirectBuy and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. DirectBuy at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Defendants began to place calls to Plaintiff's cellular phone for the purpose of soliciting to him Defendants' products and/or services.

9. Defendants placed calls to Plaintiff's cellular telephone [xxx-xxx-2199] by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered the calls from Defendants, he would hear a moment of brief silence until a live representative would connect on the line.

11. On multiple occassions, Plaintiff requested that Defendants place Plaintiff's cellular telephone number on their "do not call" list.

12. Despite all of the above, Defendants thereafter continued to place calls to Plaintiff's cellular telephone.

13. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to Defendants to be contacted on his cellular telephone.

14. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Defendants placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23. Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

24. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

25. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

26. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);
3. Actual damages from the Defendants for all damages including invasion of privacy suffered as a result of the TCPA violations; and
4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 14, 2013

        Respectfully submitted,

        By: __/s/ Kenneth D. McLean_____
        Kenneth D. McLean, Esq. (LSB No. 30190))
        THE McLEAN LAW FIRM, LLC
        P.O. Box 38161
        Germantown, TN 38183-0161
        Telephone: (901) 326-6888
        Facsimile: (901) 531-8102
        Attorneys for Plaintiff

        Of Counsel To:

        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424